### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUCHITTRA DALY, | : | CIVIL NO. 1:11-CV-2037 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| NEW CENTURY TRANS, INC., | : | |
| A&J EXPRESS, INC. | : | |
| AVON TRUCK LINES, LLC, and | : | |
| HARMAIL SINGH, an individual | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I.  INTRODUCTION

Pending before the Court is Defendant Harmail Singh's motion to dismiss Plaintiff's amended complaint in this case. The motion is fully briefed and ripe for disposition, and will be granted in part and denied in part.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

On or about November 1, 2011, Suchittra Daly and her son, Peter Sripramot, filed suit against New Century Transportation, Inc. ("New Century"), A&J Express, Inc. ("A&J"), Avon Truck Lines, LLC ("Avon"), and an individual named Harmail Singh ("Singh"), alleging that Defendants were liable for injuries Sripramot and Daly claim to have suffered during an early morning motor vehicle accident on June 29, 2011, on State Route 422. On December 9, 2011, Singh moved to sever the claims

brought by Sripramot and Daly, and the Court granted the motion.  On April 24, 2012, Daly filed an amended complaint.  (Doc. 28.)

In the amended complaint, Plaintiff alleges that on the day of the accident, Harmail Singh was operating a commercial semi-trailer truck that was owned by one or more of New Century, A&J, and Avon.[1]  (Id. ¶ 11.)  Plaintiff claims that Singh was operating the tractor trailer in a negligent or reckless fashion, and that Singh collided with a vehicle which Plaintiff was driving after Singh carelessly or recklessly veered from the eastbound shoulder of State Route 422 into the westbound traffic while traveling at approximately five miles per hour, striking the front right side of the vehicle Plaintiff was driving.  (Id. ¶¶ 11, 12.)  Plaintiff claims to have suffered severe injuries as a result of the accident.  (Id. ¶ 17.)  Plaintiff also claims that after the accident, Singh was issued a criminal citation for violating the minimum speed limit, and that Singh admitted he had fallen asleep at the wheel.  (Id. ¶¶ 14, 15.)

Plaintiff has brought claims against all Defendants for "negligence, gross negligence, and/or recklessness" (Id., Count I), negligence *per se* (Id., Count II), intentional infliction of emotional distress (Id., Count III), and negligent infliction of

---

[1] After the pending motion to dismiss the amended complaint was filed, the parties subsequently entered into a stipulation to dismiss New Century as a Defendant in this case.  (Doc. 34.)  Thereafter, the Court entered an order approving the stipulation, and permitting the dismissal of New Century.  (Doc. 35.)  Accordingly, the remaining Defendants are Singh, A&J, and Avon.

emotional distress (Id., Count IV). Plaintiff alleges that he has suffered physical and mental injuries as a result of Defendants' intentional or negligent conduct, and he seeks compensatory and punitive damages, expenses, fees, and costs in this litigation.

Defendant Harmail Singh has moved to dismiss the amended complaint.[2] (Doc. 28.) In the motion, Singh asserts that Plaintiff's claim for "gross negligence" should be dismissed because Pennsylvania law does not recognize such a cause of action. Singh also moves to dismiss what he construes as a separate claim for *respondeat superior* liability against A&J and Avon. Next Singh claims that Plaintiff has failed to plead sufficient facts to state a claim for either intentional or negligent infliction of emotional distress as a matter of law. Lastly, Singh moves to dismiss what he describes as a "separate and independent claim for punitive damages." (Doc. 29, at 17.) Singh has identified Plaintiff's demand for punitive damages as a standalone claim set forth as "Count V" of the amended complaint, but review of that pleading shows that no such independent claim has been pled, and that Plaintiff has included only four counts in her amended complaint.[3]

---

[2] Singh has filed a substantially identical motion to dismiss Peter Sripramot's amended complaint in Civil No. 12-CV-0398. Given the overlap between the motions, and the substantially identical amended complaints that they challenge, we will enter a substantially similar order in Civil No. 12-CV-0398.

[3] In her original complaint, Plaintiff had pled a standalone claim for punitive damages, and set this claim out as Count V. In her amended complaint,

Plaintiff has filed a brief in opposition to the motion (Doc. 30.), and Singh declined to file a reply brief in further support of the motion. While the motion was pending, the parties consented to proceed before the undersigned judicial officer. (Doc. 32.)  The motion is, therefore, fully briefed and is ripe for disposition by this Court.  For the reasons that follow, the motion will be granted in part and denied in part.

## III.   STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (12007) continuing with our opinion in <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more

Plaintiff has retracted this count, and has now included her claim for punitive damages together with her other claims for damages, fees, expenses, and costs in the "wherefore" clause of the pleading.  (Doc. 27, Am. Compl., ¶ 47.)

heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to

5

dismiss.  In <u>Ashcroft v. Iqbal</u>, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 1950.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u> at 1949.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 1950.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal,</u> when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to  show that the plaintiff has a "plausible claim for relief."

In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In  practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

## IV.   DISCUSSION

We will address each of Singh's arguments in support of dismissal seriatim.

### A.   Gross Negligence

Singh first argues that Plaintiff's claim for "gross negligence" – which is pleaded along with allegations of traditional "negligence" and "recklessness" – is not recognized under Pennsylvania law, and should, therefore, be dismissed.  Plaintiff agrees that Pennsylvania law does not recognize separate causes of action for gross

negligence, recklessness, or degrees of negligence, but maintains that her claim for negligence should be found adequately pled.

"[T]here is no separate cause of action under Pennsylvania law for gross negligence." Spence v. ESAB Group, Inc., 623 F.3d 212, 215 n.2 (3d Cir. 2010) (citing Hunter v. Squirrel Hill Assocs., LP, 413 F. Supp. 2d 517, 520 n.2 (E.D. Pa. 2005) ("While Pennsylvania courts acknowledge differing standards of care, they do not recognize degrees of negligence as separate causes of action.")). See also Floyd v. Brown & Williamson Tobacco Corp., 159 F. Supp. 2d 823, 828 (E.D. Pa. 2001) (dismissing plaintiff's separately pleaded claim for gross negligence after concluding that under Pennsylvania law "'gross negligence' refers to a standard of care, rather than to a separate claim").

Although not recognized as a separate cause of action, gross negligence has been recognized by Pennsylvania and federal courts interpreting Pennsylvania law as "a form of negligence where the facts support substantially more than ordinary carelessness, inadvertence, laxity, or indifference." Legion Indem. Co. v. Carestate Ambulance, Inc., 152 F. Supp. 2d 707 (E.D. Pa. 2001) (citing Albright v. Abington Memorial Hosp., 696 A.2d 1159 (Pa. 1997)). Thus, Pennsylvania law acknowledges differing standards of care, but does not recognize degrees of negligence as separate causes of action. See Hunter, 413 F. Supp. 2d at 520 n.2 (citations omitted); see also

Jordan v. City of Phila., 66 F. Supp. 2d 638, 644 (E.D. Pa. 1999) (the term "gross negligence refers only to a heightened standard of care, not to a cause of action distinct from ordinary negligence.").

In this case, Plaintiff has not endeavored to plead a separate cause of action for gross negligence, but has instead merely included "gross negligence" as part of her negligence claim set forth in Count I.  We find it unnecessary to dismiss this entire count, as Singh seems to suggest we do, simply because Plaintiff has alleged that Singh was reckless and grossly negligent in his operation of the tractor trailer he was operating on State Route 422 on June 29, 2011.  Instead, we conclude that it is more appropriate to "allow Plaintiff[] to retain the pertinent allegation[s] . . . to support [her] claim for punitive damages." Fiorentino v. Cabot Oil & Gas Corp., 750 F. Supp. 2d 506, 514 (M.D. Pa. 2010); see also Shouey ex rel. Litz v. Duck Head Apparel Co., 49 F. Supp. 2d 413, 418 (M.D. Pa. 1999) (treating a separate count alleging gross negligence as simply a claim of ordinary negligence); cf. Watts v. Hollock, NO. 3:10-CV-92, 2011 WL 6003922, at M.D. Pa. 2011) ("[C]laims asserting a breach of a reckless standard and claims asserting a breach of a negligence standard both allege the tort of negligence.").

"In order to prevail on a cause of action in negligence under Pennsylvania Law, a plaintiff must establish: (1) a duty or obligation recognized by law, requiring

9

the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another.  Morena [v. South Hills Health Sys., 501 Pa. 634, 462 A.2d 680, 684 n.5 (Pa. 1983)](citing Prosser, Law of Torts § 30, at 143 (4th ed. 1971)." Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1366 (3d Cir. 1993).   While the latter three elements of this negligence standard, breach of duty, causation and damages, are fact-bound determinations, the threshold issue of whether a duty of care is owed presents a question of law for the Court to determine.  Id.

Guided by these elements of a negligence claim under Pennsylvania law, we conclude that Daly's amended complaint adequately pleads the elements of a negligence claim.  The amended complaint outlines a duty of care owed by Singh to operate the vehicle he was driving in a reasonable, prudent and careful manner.  The complaint further asserts a breach of duty by (a) failing to observe the applicable minimum speed restriction; (b) turning left, without warning, from the east-bound shoulder of the highway; (c) failing to maintain proper control of his vehicle; (d) failing to keep a proper lookout; (e) failing to observe the presence and proximity of approaching vehicles; and (f) failing to avoid a collision.  Daly further alleges that she suffered identifiable harms as a result of what she alleges to be the accident which

occurred as a result of Singh's negligence.  Because we find that Daly has adequately pleaded a claim for negligence, and because we find that she should be permitted to retain her allegations of grossly negligent or reckless conduct to support her claim for damages, we will deny Defendant's motion to dismiss Count I.

### B.   Respondeat Superior

Next, Defendant moves the Court to dismiss Count II of the amended complaint on the grounds that Daly has improperly pleaded an independent claim for *respondeat superior* liability, and such a separate cause is also not recognized by Pennsylvania law.  This aspect of Defendant's motion is confusing, because Plaintiff does not assert a "separate and independent claim for *respondeat superior*" in Count II of the complaint as Defendant's contend, (Doc. 29, at 17.), but instead a claim for negligence *per se*.  Since there is no separate claim for *respondeat superior* asserted, and because there is no basis to grant this aspect of the motion, it will be denied.[4]

---

[4] It does appear that Plaintiff is asserting that the doctrine of *respondeat superior* provides a basis to hold the defendant trucking companies liable in this action in their capacities as Singh's alleged employers.  In Pennsylvania, the "doctrine of *respondeat superior* does not establish a separate tort, but merely a principle by which employers can be held liable for the tortious acts of their employees."  See Peek v. Philadelphia Coca-Cola Bottling Co., No. 97-3372, 1997 WL 399379, at *1 n.1 (E.D. Pa. 1997).

## C.      Intentional Infliction of Emotional Distress

Singh next moves to dismiss Plaintiff's claims for intentional infliction of emotional distress set forth in Count III of the amended complaint, arguing that Plaintiff has failed to plead facts that would be sufficient to permit her to prevail on this theory of liability, which in Pennsylvania covers only especially extreme and outrageous conduct by a tortfeasor.  Plaintiff maintains that the amended complaint sufficiently states a claim for relief under this theory.

With respect to claims for intentional infliction of emotional distress, Pennsylvania law requires that a plaintiff plead that (1) the conduct was extreme and outrageous; (2) the conduct was intentional; (3) the conduct caused emotional distress; and (4) the distress was severe.  Silver v. Mendel, 894 F.2d 598, 606 n.16 (3d Cir. 1990).  Ultimately, in order to prevail on a claim for intentional infliction of emotional distress, a plaintiff must show that a defendant's conduct exceeded the bounds of decency and is intolerable under prevailing societal norms.  Swisher v. Pitz, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005); see also Cox v. Keystone Carbon Co., 861 F.2d 390 (3d Cir. 1988).  See also DiSalvio v. Lower Merion Sch. Dist., No. Civ. A. 00-5463, 2002 WL 734343, at *6 (to prevail on a claim for intentional infliction of emotional distress, conduct must be "so outrageous in character, and so

extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.").

As this standard and the foregoing cases suggest, "courts have been chary to allow recovery for a claim of intentional infliction of emotional distress.  Only if conduct which is extreme or clearly outrageous is established will a claim be proven." Hoy v. Angelone, 720 A.2d 745, 753-54 (Pa. 1998).  Indeed, the Restatement (Second) of Torts instructs that "[i]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that this conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort."  Restatement (Second) of Torts § 46, comment d; Hoy, 720 A.2d at 754. In keeping with these restrictive standards, the Pennsylvania Supreme Court has provided examples of conduct found to state a claim for intentional infliction of emotional distress, and such examples demonstrate the extraordinary nature of the theory:

> Cases which have found a sufficient basis for a cause of action of intentional infliction of emotional distress have had presented only the most egregious conduct. See e.g., Papieves v. Lawrence, 437 Pa. 373, 263 A.2d 118 (1970)(defendant, after striking and killing plaintiff's son with automobile, and after failing to notify authorities or seek medical assistance, buried body in a field where discovered two months later and returned to parents (recognizing but not adopting section 46)); Banyas v. Lower Bucks Hospital, 293 Pa.Super. 122, 437 A.2d 1236

13

(1981)(defendants intentionally fabricated records to suggest that plaintiff had killed a third party which led to plaintiff being indicted for homicide); Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265 (3d. Cir.1979)(defendant's team physician released to press information that plaintiff was suffering from fatal disease, when physician knew such information was false).

Hoy,720 A.2d at 754.

According to Singh, the allegations offered in the amended complaint in support of this claim fall well short of the level of outrageousness required to satisfy the first element of the claim.  Instead, Singh insists that, if proven, the allegations of his conduct – falling asleep at the wheel, and operating his semi-truck in a negligent manner that caused physical and emotional injuries to Plaintiff and her son – simply could not be found so outrageous and extreme in character as to go beyond all possible bounds of decency, and therefore this claim should be dismissed.

Plaintiff responds by arguing that operating a semi-truck while asleep at the wheel is so inherently dangerous, and presents such grave potential for extreme injuries such as those alleged in this case, that it is "inexcusable in a civilized society and reaches a level of outrageousness that falls under intentional infliction of emotional distress and surpasses the recklessness standard." (Doc. 30, at 9.)  In support of her argument, Plaintiff has cited to decisions of Pennsylvania and federal courts holding that falling asleep at the wheel is conduct that can, in certain instances,

support a claim for criminal negligence and recklessness.  (Doc. 30, at 9.)  These cases[5] do not, however, hold that claims alleging that a truck driver fell asleep and caused injury to others are sufficient to qualify as the kind of extreme and outrageous conduct that must be shown to prevail on a claim for intentional infliction of emotional distress.  More fundamentally, these allegations would not permit an inference that the defendant committed an intentional tort while asleep since "[o]nce asleep, defendant was no longer capable of voluntary action or of conscious behavior." Lobert v. Pack, 337 Pa. 103, 108, 9 A.2d 365, 368 (1939).

Upon consideration, we cannot agree with Plaintiff that she has pleaded facts that would, if proven, be sufficient to support a claim that Harmail Singh intentionally inflicted emotional distress upon her on June 29, 2011, through the negligent or even reckless operation of his tractor trailer.  Instead, we find only that Plaintiff has adequately set forth claims alleging negligence, and even reckless conduct, but we do not read the amended complaint to make allegations of acts or omissions that are so extreme and outrageous that they could rise to the level necessary to support a claim

---

[5] See Commonwealth v. Huggins, 836 A.2d 862 (Pa. 2003); Darden-Munsell v. Dutch Maid Logistics, C.A. No. 10-103, 2011 WL 3325863 (W.D. Pa. July 13, 2011) (declining to dismiss plaintiff's claim for punitive damages in a case brought against truck driver alleged to have driven an overloaded trailer, while intoxicated, and while exhausted from fatigue, in a negligent manner that resulted in the death of the plaintiff's husband).

under this tort theory.  Accordingly, Plaintiff's claim for intentional infliction of emotional distress will be dismissed.

### D.     Negligent Infliction of Emotional Distress

Lastly, Singh moves the Court to dismiss Plaintiff's claim for negligent infliction of emotional distress, arguing that Plaintiff has pleaded allegations of negligence, and that he suffered physical and emotional injuries as a result of this negligence, but maintaining that Plaintiff has not set forth an independent claim for negligent infliction of emotional distress.

Under Pennsylvania law:

> the cause of action for negligent infliction of emotional distress is restricted to four factual scenarios: (1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative.

Toney v. Chester County Hosp., 961 A.2d 192, 197–98 (Pa. Super. Ct. 2008).  In this case, as Plaintiff points out, the amended complaint contains allegations that meet three of these four scenarios.  In the amended complaint, Plaintiff alleges that he suffered a physical impact due to Singh's alleged negligence.  (Doc. 27, Am. Compl. ¶¶ 11-13.)  Likewise, Plaintiff alleged that he was in a "zone of danger" of the collision, since he was mechanically extracted from the car wreckage resulting from

the collision that was allegedly caused by Singh's negligence. (Id. ¶¶ 12-13, 44.)

Finally, Plaintiff has alleged that during the accident he witnessed injuries to a close

relative, her son. (Id. ¶ 44.) Plaintiff claims that she suffered extreme emotional

distress as a result of this incident, an incident in which she herself suffered severe

physical injuries, was in a zone of danger as a passenger in the vehicle that was struck

by Singh's semi-truck, and witnessed a close relative suffer injuries attributable to

Singh's tortious conduct. On the basis of these allegations, we find that Plaintiff has

adequately stated a claim for negligent infliction of emotional distress under

Pennsylvania law, and we will, therefore, deny Defendant's motion to dismiss this

claim.

## V.   **ORDER**

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED

THAT Defendant Harmail Singh's motion to dismiss Plaintiff's amended complaint

(Doc. 28) is GRANTED with respect to Plaintiff's claim for intentional infliction of

emotional distress (Count III), but DENIED in all other respects.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: September 14, 2012

17